b. To determine whether each such voter signed with his or her name, place of residence, and street number, as it appears on the voting list; and

c. To set forth with particularity its findings and the reason why any such voter's endorsement is deemed invalid, or why any such voter signing a nomination paper has been disqualified from doing so.

2. The Rhode Island Board of Elections shall also consider the fifteen voters signing the nomination papers not previously reviewed by the Board, and make similar findings of fact.

3. The petition for certiorari shall be reassigned to the calendar for oral argument to be held on Thursday, January 29, 2004. Counsel for the parties will be limited to ten (10) minutes for the presentation of their oral argument. Five (5) minutes will be allowed for rebuttal.

Justice FLAHERTY did not participate.

**STATE of Rhode Island**

v.

**Noberto BOLARINHO.**

No. 2002–690–C.A.

Supreme Court of Rhode Island.

Feb. 26, 2004.

Aaron Weisman, Providence.

Paula Lynch.

**ORDER**

This case is scheduled for oral argument before the Supreme Court on March 2, 2004. On February 20, 2004, the State of Rhode Island filed with the clerk a pleading purporting to confess error by moving "to have vacated defendant conviction on one" of the judgment, a charge of felony - assault-resulting-in-serious-bodily-injury; "thereby making moot defendant's appeal[.]" On February 24, 2004, defendant objected to the motion, contending that defendant has challenged his conviction on both counts in the judgment.

The defendant was charged by Criminal Information with two violations of G.L. § 11–5–2; Count 1, alleged a felony-assault-resulting-in-serious-bodily-injury and Count 2, charged assault with a dangerous weapon, a shod foot. The defendant alleged that the state, although willing to confess error on double jeopardy grounds, is not permitted to elect which count should be vacated. Further, defendant asserts that with respect to Count 2, he has also challenged his conviction on sufficiency of the evidence grounds.

Based on the arguments and memoranda of the parties, the following order shall enter:

1. The state's motion to remand this case to the Superior Court is denied;

the motion confessing error is rejected.

2. In the absence of a written agreement of the parties and a written stipulation that disposes of this appeal in its entirety, the appeal shall be argued on March 2, 2004.

3. Counsel for the defendant shall provide the Court with record proof that defendant's double jeopardy argument was properly preserved for appellate review. Although a written motion to dismiss Count 1 was filed in Superior Court on November 20, 2001, defendant shall provide an order or hearing transcript demonstrating that this motion was prosecuted and denied.